379 So.2d 849 (1980)
Mrs. Jewel Buckel, Wife of/and John E. BUCKEL
v.
MAISON BLANCHE CORPORATION, Otis Elevator Company and Travelers Insurance Company.
No. 10651.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
Rehearing Denied February 20, 1980.
*850 Sessions, Fishman, Rosenson, Snellings & Boisfontaine, James Ryan, III, Annabelle H. Walker, New Orleans, for plaintiffs-appellants.
James J. Morse, Julian G. Baudier, Jr., New Orleans, for Maison Blanche Corporation and Travelers Insurance Company, defendants-appellees.
Drury & Lozes, James H. Drury, New Orleans, for Otis Elevator Company, defendant-appellee.
Before GARRISON, CHEHARDY and STOULIG, JJ.
CHEHARDY, Judge.
Plaintiffs, Jewel and John Buckel, have appealed a judgment dismissing their suit for general and special damages allegedly sustained by Mrs. Buckel and the Buckel community, respectively, as the result of an ankle twisting incident on the escalator of Maison Blanche department store. Named defendants were Maison Blanche Corporation, its public liability insurer, Travelers Insurance Company, and the escalator manufacturer, Otis Elevator Company.
On December 27, 1976, Mrs. Buckel was standing on an ascending escalator at a point midway between the first and second floors when the incident happened. Her petition alleges these facts:
"One of the shoes worn by petitioner, Jewel Buckel, jammed in the escalator causing petitioner to fall and violently strike the floor with the resulting injuries herein sued upon."
Her testimony is totally different. She stated she felt like something grabbed the heel of her left shoe causing her knee to bend inward; her sandal broke and she walked off the escalator on the second floor; she did not fall; her shoe did not become jammed in the escalator; she felt no unusual motion when the incident happened; and she heard no noise that would indicate the escalator itself was malfunctioning.
Plaintiff Mrs. Buckel has not sustained her burden of proof. In Cannon v. Holmes, 274 So.2d 799 (La.App. 4th Cir. 1973), writ refused, this court recognized that the store proprietor owes escalator passengers a high duty of care, similar to that imposed on common carriers toward their passengers. An injury on an escalator however does not automatically invoke application of the res ipsa loquitur rule. The Cannon opinion explained that before the burden of proof shifts to the store owner to exculpate himself from negligence, the plaintiff must first prove the occurrence of some unusual incident. See Vallette v. Maison Blanche Co., 29 So.2d 528 (La.App. Orl.1947).
Because plaintiff is unable to state what happened and affirmatively establishes there was nothing to indicate a problem with the escalator, we affirm the result reached by the trial court.
*851 For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.